volved directly or collaterally, they are forever precluded from averring and proving the fact to be otherwise." House v. Lockwood, 137 N. Y. 259, 268, 33 N. E. 595, 597. The defense of judgment in bar urged here seems to come within the foregoing rules. Mr. Swan was a party to the foreclosure action. In my opinion, if he had asked for leave to serve an answer, simply denying the plaintiff's complaint, instead of setting up the defense which he did, no court would have refused him the right to serve such defense. The fact that the judgment in that action was rendered with him in default does not make it less binding than if he had appeared and litigated the question. Under Wheeler's complaint in that action it was absolutely essential for him to prove and sustain the allegation that the mortgage in question was executed by Guelich to Coon to secure the payment to the latter of the amount mentioned therein. The finding of fact which was made in the case in favor of that claim necessarily bars the opposing claim now made by plaintiff that there was no consideration for the mortgage as between Guelich and Coon, and that it was simply executed to Coon to enable him to assign it to Wheeler, and procure money from Wheeler with which to pay the notes indorsed by plaintiff. These conclusions lead to a judgment in favor of defendants dismissing the complaint, with costs.

Complaint dismissed, with costs.

---

## T. B. DUNN CO. v. TRIX MFG. CO.

(Supreme Court, Appellate Division, Fourth Department. March 21, 1900.)

1. TRADE-MARK—INFRINGEMENT—INJUNCTION.

　　Plaintiff sought to restrain defendants from selling cachous in certain packages, as an infringement of its trade-mark. Plaintiff's trade-mark consisted of the design of a ribbon extending diagonally across the package, tied in a bowknot at its center, in combination with a small gilt seal and the word "Sen-Sen" plainly printed at the top and bottom of the package, while defendant's design consisted of a similar-colored ribbon in the center of the package, with a bowknot at the upper end, in combination with the large gilt seal, on which was plainly printed the word "Trix." The words "Sen-Sen" and "Trix" had no prior meaning before their use by the parties. *Held*, that defendant's design did not constitute an infringement of plaintiff's trade-mark.

2. SAME—UNFAIR COMPETITION.

　　Such packages not having been the same, and not having been devised so as to deceive, or with intent to deceive, or induce a belief that they were put up by plaintiff, defendant's use thereof could not be enjoined on the ground of unfair competition.

Appeal from judgment on report of referee.

Action by the T. B. Dunn Company against the Trix Manufacturing Company to restrain an alleged infringement of a trade-mark. From a judgment in favor of defendant, entered on the referee's report, plaintiff appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Osgood & Davis, for appellant.
Wm. H. Driscoll, for respondent.

WILLIAMS, J.   The action was brought to restrain the defendant from putting up and selling its cachous known as "Trix" in packages having upon them a ribbon and seal, on the grounds:   (1) That it was an infringement of the trade-mark used upon the packages of cachous put up and sold by plaintiff, known as "Sen-Sen";   (2) that it was an unfair competition in trade.   The referee decided that there was no infringement, and no unfair competition, and ordered judgment for defendant.   The facts were found by the referee in great detail, and were substantially undisputed.   The errors claimed by the plaintiff related mostly to the conclusions drawn by the referee from the facts so found in detail.

1. As to the infringement:   Samples of the plaintiff's Sen-Sen packages and of the defendant's Trix packages were annexed to the complaint..   The essential features of the plaintiff's trade-mark were the design of a ribbon, extending diagonally across the package, tied in a bowknot at its center, in combination with a small seal, and the word "Sen-Sen."   The essential features of the defendant's trade-mark, claimed as an infringement, were the design of a ribbon in the center of the package, tied in a bowknot at the upper end, in combination with a large gilt seal, and the word "Trix."   The words "Sen-Sen" and "Trix" were arbitrary words, having no meaning prior to their use by the parties for trade-mark purposes in connection with their cachous.   These two words were entirely different.   One could not be mistaken for the other.   Both were made prominent upon the packages; "Sen-Sen" appearing at the top and bottom of plaintiff's packages in strong black letters; "Trix" appearing in the center of defendant's packages, upon the large gilt seal, in strong black letters.   So far as these words and their positions upon the packages were concerned, they were entirely unlike, and could not be mistaken the one for the other.   The gilt seals were not at all similar, except that both were gilt, with notched edges.   The one on plaintiff's package was small, and near the lower right-hand corner of the package, with "5c." upon its face; the one upon the defendant's package was a large one, in the center of the package, with the word "Trix" upon its face.   The ribbon and bowknot were used in four colors on the plaintiff's packages, and in the same four colors upon the defendant's packages.   Their form and position upon the packages were, however, entirely different.   The whole ribbon and bowknot were exposed to view diagonally across plaintiff's packages, the bowknot being quite a large one, in the center of the packages; while a small bowknot, different in shape from plaintiff's, and only the ends of the ribbon, were exposed to view, in the center of defendant's packages, the remainder of the ribbon being covered by the large gilt seal with the word "Trix" upon its face.   The referee found as a conclusion of fact that the designs upon the defendant's packages did not so resemble the designs upon the plaintiff's packages as to deceive, or furnish the means of deceiving, those desiring to purchase plaintiff's cachous, or to induce them to believe that the cachous of the defendant were

those of the plaintiff, and a conclusion of law that the defendant had not infringed plaintiff's trade-mark. The referee had the samples of the packages before him. He examined them. He had the benefit of the suggestions of the parties and their counsel with reference to the matter. There was no proof given that any one was deceived, and he determined this question of fact in favor of the defendant. From an examination of the samples, and after considering the suggestions of counsel, we cannot say the referee erred in this finding of fact. From the conclusion of fact found by the referee, the conclusion of law necessarily followed. Popham v. Cole, 66 N. Y. 69, 75; Colman v. Crump, 70 N. Y. 573, 578; Hier v. Abrahams, 82 N. Y. 519, 523; Fischer v. Blank, 138 N. Y. 244, 252, 33 N. E. 1040; Brown v. Doscher, 147 N. Y. 647, 651, 42 N. E. 268.

2. As to the unfair competition: The referee, in addition to the finding already referred to, found as conclusion of fact that the defendant's cachous were not sold, and were not intended to be sold, as cachous manufactured by plaintiff, and were not put up in defendant's packages for such purpose; and as conclusion of law that the defendant had not been guilty of unfair competition in trade with plaintiff. It is said by the appellant, the plaintiff, that the referee failed to recognize the difference between infringement of a trade-mark and unfair competition. It is not important here to distinguish very carefully between these two rights of action. In a general way, the infringement of a trade-mark, so far as applicable to this case, may be said to be the improper use by the defendant of the emblems constituting the trade-mark of the plaintiff, whether upon packages of cachous of the same general appearance or not; while unfair competition in trade may be said to be the simulation by defendant of the packages of plaintiff, putting up and selling packages of the same general appearance as those of the plaintiff. In this case the question as to unfair competition was whether the defendant was fraudulently attempting to pass off upon the public its cachous as the cachous of the plaintiff. Fraud was the essence of the claim. The simulation might be so great as that fraud would be implied; otherwise, it had to be proved by evidence aliunde. Day v. Webster, 23 App. Div. 601, 602, 49 N. Y. Supp. 314. But the court should only interfere to protect the plaintiff and the public, and for the suppression of unfair and dishonest competition, when "the resemblance is such that it is calculated to deceive, and does in fact deceive, the ordinary buyer making his purchases under the ordinary conditions which prevail in the conduct of the particular traffic to which the controversy relates." This was the test laid down in Fischer v. Blank, 138 N. Y. 252, 33 N. E. 1041, the court adding: "No inflexible rule can be laid down. Each case must in a measure be a law unto itself. The authorities bearing upon the general question are numerous and diverse." The referee here decided that the defendant did not intend that its cachous should be sold as those put up by the plaintiff; that it did not put up its packages as it did for such purposes; and that the defendant's packages did not resemble those put up by the plaintiff so closely as to deceive, or furnish the means of deceiving, those who desired to purchase plaintiff's cachous, or to induce the be-

lief that they were put up by the plaintiff. The conclusion of the referee, from an examination of the packages, and from the evidence in the case, seems to have been that the defendant's object was to brighten up its packages, to make them more attractive than their packages had theretofore been, but without any design to make it appear they were plaintiff's packages. In view of the prominence given on both packages to the words by which the goods of the respective parties were known, "Sen-Sen" and "Trix," we are quite unable to see how any one of ordinary intelligence could possibly have mistaken the one for the other, especially when we consider the very great extent to which both were advertised through the country. We see no reason for disagreeing with the referee as to the conclusions he arrived at. He had a very correct view of the case and of the questions involved. We do not think this case was one for the interference of a court of equity, either upon the ground of infringement of the trade-mark or unfair competition in trade.

The judgment appealed from should be affirmed, with costs. All concur.